**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ATLANTIC RECORDING CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO. 1:18-cv-12197** |
| **vs.** ) | |
| ) | |
| **JOHN DOES 1-100, JANE DOES 1-100,** ) | |
| **and XYZ COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT FOR TRADEMARK INFRINGMENT
AND VIOLATIONS OF THE LANHAM ACT**

Plaintiff files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051

et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over

the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a),

(b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2.      Atlantic Recording Corporation ("Plaintiff") is a New York corporation

with its principal place of business in New York, New York.

3.      Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued

herein under fictitious names because their true names and capacities are unknown at this

time. This complaint will be amended when their true names and capacities are ascertained.

4.     Upon information and belief, the defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5.     Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.  Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6.     Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including tour and program books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of various musical performers.

7.     "TWENTY ONE PILOTS" (the "Group ") is the trademark used by these musical performers for approximately 10 years in connection with their performing, recording, merchandising and other goods and services, and to distinguish the Group's services and goods from all other such performers.

8.     The Group has obtained Federal Registrations for their **"TWENTY ONE PILOTS"** trademark: Registration Number 5007459, for use in connection with International Class ("IC") 25 clothing; IC 9 musical sound records; IC 35 online ordering services; and IC 41 entertainment services, and for the design



Registration Number 4374449, for International Class 41, entertainment services. The Group's federally registered trademark, and their other trademarks, service marks, likeness, logos, designs, and other indicia are hereinafter collectively referred to as the "Group's Trademarks."

9.      Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize the Group's Trademarks on and in connection with authorized Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's concerts on the Group's North American concert tour (the "Tour").

10.     The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States and has been seen and heard in concert by millions of popular music enthusiasts.

11.     As a result of the foregoing, the Group's Trademarks have developed and now possess secondary and distinctive meaning to purchasers of the Authorized Tour Merchandise bearing any or all of the Group's Trademarks.  Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks, and thousands of such items have been sold throughout the United States.

12.     On Friday, October 26, 2018 at the TD Garden in Boston, Massachusetts, the Group will perform (the "Concert").

13.     Pursuant to the Agreement, Plaintiff will sell and distribute clothing and other Tour Merchandise bearing any or all of the Group's Trademarks at or near the site of the Concert and at all other arenas and stadiums in which the Tour will perform.   The Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be distributed throughout the United States in connection with the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14.     Defendants will sell and distribute infringing, unauthorized T-shirts, jerseys and other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise") in the vicinity of the Group's Concert and will continue to sell and distribute before, during and after subsequent concerts during the Tour.

15.     The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers.  Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. The Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the Plaintiff's reputation for high quality goods.

16.     The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff,

despite the fact that this is not true.  It also injures Group and Plaintiff in that Defendants do not have to pay any royalty for these infringing sales.

17.     The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing the trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants and others of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

18.     Upon information and belief, Defendants and others have and will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19.     Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

20.     Plaintiff realleges each allegation set forth in the paragraphs above.

21.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114 with respect to Defendants' infringement of the registered marks.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22.     Plaintiff realleges each allegation set forth in the paragraphs above.

23.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A.     As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.     As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas, stadiums and other venues at which the Group is performing, whether this occurs before, during or after the concerts on the Tour.

C.      As to All Claims For Relief, that Defendants deliver up for destruction all

Infringing Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an

amount to be determined.

E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's

fees and such other and further relief as the Court deems to be just and proper.

Dated: October 23, 2018                     Respectfully Submitted,
                                            ATLANTIC RECORDING
                                            CORPORATION
                                            By Its Attorneys
                                            /s/ M. Lawrence Oliverio
                                            M. Lawrence Oliverio, Esq., BBO #378755
                                            loliverio@polsinelli.com
                                            Polsinelli, PC
                                            One International Place, Suite 3900
                                            Boston, Massachusetts 02110
                                            Tel: (617) 406-0335; Fax: (617) 406-0336

                                            Cara R. Burns, Esq. (CA Bar # 137557)
                                            cburns@hmkblawyers.com
                                            Hicks, Mims, Kaplan & Burns
                                            28202 Cabot Road, Suite 300
                                            Laguna Niguel, California 92677
                                            Tel: (310) 314-1721; Fax: (310) 314-1725